UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOBBY R. JONES, JR. | CIVIL ACTION |
| VERSUS | NO. 23-955 |
| ASSOCIATED WHOLESALE GROCERS, INC. | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 39)** filed by Associated Wholesale Grocers, Inc. ("AWG") and an opposition (Rec. Doc. 46) filed by Plaintiff, Bobby Jones.[1] Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of a March 25, 2022 incident in which Plaintiff Bobby Jones alleges he was injured at AWG's warehouse in Pearl River, Louisiana. Mr. Jones was employed by Merit Logistics, LLC ("Merit") and was assigned as a temporary warehouse worker at the time of the incident. At the time of the incident, Mr. Jones was operating a pallet jack in the loading docks area and had finished his work for the day. He was on the pallet jack waiting in a line of other workers when an AWG employee operating an AWG forklift struck Mr. Jones's pallet jack from the rear. As

---

[1] Intervenor Travelers Property Casualty Company of America also filed an opposition adopting and asserting all arguments Plaintiff asserted in this opposition to the motion. (Rec. Doc. 47). Travelers intervened in this case as the workers' compensation carrier of Plaintiff's employer, Merit Logistics, LLC. (Rec. Doc. 17)

1

a result of the collision, Mr. Jones experienced significant injuries to his neck, shoulders, and lower back.

In the instant motion, AWG requests that the Court find that Mr. Jones was AWG's statutory employee, making his sole remedy the Louisiana Workers' Compensation Act. (Rec. Doc. 39-1, at 1). AWG argues that the Mr. Jones's claim presents a two-contract theory of the statutory employer defense. *Id.* at 7. Specifically, AWG states that, at the time of Mr. Jones's accident at the AWG warehouse, AWG contracted with Mr. Jones's employer, Merit, to supplement its warehouse workforce. *Id.* at 2. That Contract, the Temporary Services Agreement ("TSA") provided that Merit would provide temporary skilled warehousing services as designated by AWG from time to time, and the TSA was amended to specifically cover the Pearl River, Louisiana warehouse location where Mr. Jones was working. *Id.* AWG also contends that it contracts with various independent retailers for the purchase of grocery and supermarket products ("Membership Agreement"). *Id.* at 1. Pursuant to the Membership Agreement, retailers submit weekly purchases if they so choose, and AWG agrees to supply products and services to the independent member retailers. *Id.* at 7. AWG avers that AWG contracted with Plaintiff's employer to facilitate AWG's contractual obligation to the independent member retailers, so the two-contract theory of the statutory employer defense is satisfied and Plaintiff's remedy is limited to the Louisiana Workers' Compensation Act. *Id.* at 7-8.

However, Plaintiff contends that AWG is not entitled to statutory employer immunity because AWG failed to submit sufficient summary judgment evidence that

2

AWG has a valid contract with any third party. (Rec. Doc. 46, at 2). Instead, AWG provided a blank, unsigned document titled Membership Agreement, which is not a contract with a third party and does not create an obligation for AWG to provide supplies to an independent member retailer or perform any work. *Id.* Thus, according to Mr. Jones, at the time of the incident, there was only one contract in place (the TSA), which stated that Merit is an independent Contractor and that Merit personnel are not the employees or agents of AWG. *Id.*

Mr. Jones filed suit against AWG in this court on March 16, 2023, asserting subject matter jurisdiction based on diversity of citizenship and the amount in controversy. (Rec. Doc. 1). AWG answered on April 21, 2023 and, based on additional discovery, moved to amend its answer on April 11, 2024 to add the statutory employer defense. (Rec. Docs. 6, 31, 33). AWG filed the instant motion on July 9, 2024. (Rec. Doc. 39).

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th

Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## **DISCUSSION**

AWG contends that there are no genuine issue of material fact in dispute because the evidence presented shows that (1) AWG entered into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for AWG to fulfill its contractual obligation, AWG entered into a subcontract for all or part of the work performed. (Rec. Doc. 39-1, at 8). Thus, according to AWG, the two-contract theory of the statutory employer defense are satisfied, and Mr. Jones's remedy is limited to workers' compensation under Louisiana law. *Id.* Mr. Jones contends that, because AWG did not provide proof of a specific contract with an

4

identifiable third party other than the blank Membership Agreement, AWG cannot meet its burden of proof under the two-contract theory. (Rec. Doc. 46).

The Louisiana Worker's Compensation Law provides the exclusive remedy against employers for employees injured in the course and scope of their employment. La. Rev. Stat. § 23:1032. Immunity from tort liability extends to principals that contract with another entity to perform part of the principal's work, in which case the principal is a "statutory employer." *Id.* at § 23:1061. A principal can be a statutory employer in two ways: (1) under the "two-contract" theory, where the principal is in the middle of two contracts or (2) if the principal procures work with a written contract expressly recognizing the principal as a statutory employer. *Id.* The party asserting the statutory employer defense has the burden of proof. *Walls v. Am. Optical Corp.*, 740 So. 2d 1262, 1267 (La. 1999) (citing La. C.C. P. art. 1005).

Thus, in this case, AWG bears the burden of proof at trial that it is entitled to statutory employer status. AWG does not rely on a contract expressly recognizing it as a statutory employer and instead asserts that it is a statutory employer under the "two-contract" theory. The two-contract theory applies when "(1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed." *Allen v. State ex rel. Ernest N. Morial–New Orleans Exhibition Hall Auth.*, 842 So.2d 373, 379 (La. 2003); *Grant v. Sneed*, 155 So. 3d 61, 69 (La. App. 2 Cir. 2014) (citing La. R.S. 23:1061). This theory contemplates a relationship between

5

a third party that hires a general contractor to perform a specific task, a subcontractor hired by the contractor, and an employee of the subcontractor. *Grant*, 155 So. 3d at 69 (internal citation omitted).

The first requirement (that a principal enters into a contract with a third party) that a party asserting the two-contract theory must prove is the existence of a contract with the third party. Mr. Jones asserts that AWG did not provide sufficient proof of this requirement, and the Court agrees. In *Grant v. Sneed*, the Louisiana Second Circuit held that an unsigned contract with a third party along with the affidavit of the defendant is insufficient summary judgment evidence of a contract with a third party. 155 So. 3d at 69-70. The plaintiff in *Grant* was injured by falling lumber loaded onto his truck by a forklift operator employed by Weyerhaeuser, and the plaintiff filed suit against the forklift operator, Weyerhaeuser, and the manager of the paper mill. *Id.* at 63. Weyerhaeuser asserted the statutory employer defense under the two-contract theory, claiming it had a contract to sell the lumber to Lumbermen's Merchandising Corporation ("LMC"). *Id.* at 62-63. Weyerhaeuser also claimed it had a contract with the plaintiff's employer. *Id.* at 63.

Weyerhaeuser moved for summary judgment and provided the following evidence of its contract with LMC: a three-page contract not signed by either party and an affidavit from a manager at Weyerhaeuser stating the parties had a verbal agreement. *Id.* at 70. The court found that there was insufficient proof of the contract because, even if the contract was not required to be in writing, there was no witness confirming the contract's existence and no corroborating circumstances showing the

existence of a contract with LMC. *Id.* at 70. Accordingly, the court concluded that Weyerhaeuser failed to show it was entitled to summary judgment. *Id.*

The court also found that, even if the defendants had proven the existence of a contract with a third party which required that work be performed, Weyerhaeuser also failed to show that the plaintiff was performing work to fulfill that contract at the time his injury occurred. *Id.* Weyerhaeuser did not show that the lumber in that case was to be used to satisfy the purported contract with LMC, so it failed to establish the second element of proof necessary for summary judgment. *Id.*

Like Weyerhaeuser in *Grant*, AWG fails to provide sufficient proof of the first element of the two-contract theory of the statutory employer defense. The alleged "contract" with a third party provided by AWG is a blank, unsigned "Membership Agreement" that does not include the name of any independent member retailer. (Rec. Doc. 39-4, at 4-11). AWG also submitted the affidavit of their warehouse manager, Justin Boyet, which states that the Membership Agreement allows independent retailers to obtain products from AWG's warehouses. *Id.* at 1-3. However, unlike Weyerhaeuser, AWG has not even identified the retailer with whom they have a purported contract. And AWG has also failed to provide witness testimony or corroborating circumstances showing the existence of such a contract. Accordingly, AWG cannot carry its burden of proof on summary judgment regarding the existence of a valid contract with a third party—the first element of its statutory employer defense. Further, AWG has not provided any evidence that the work Mr. Jones was performing must be performed pursuant to the purported contract.

Plaintiff also argues that the Membership Agreement does not establish an obligation that AWG supply services to a third party, so AWG cannot prove the second element of the two-contract theory: pursuant to that contract, work must be performed. (Rec. Doc. 46, at 9-10). The terms of the blank Membership Agreement form state that "this Agreement is not a supply agreement but rather Retailer's membership agreement with AWG and does not expressly or impliedly evidence any obligation or agreement on behalf of Retailer to be supplied or AWG to provide supply." (Rec. Doc. 39-4, at 5). Therefore, the terms of the contract contradict the assertion that the contract obligated AWG to perform work (provide supplies) for a third party.

Based on the evidence presented here, genuine issues of material fact regarding AWG's statutory employer status remain. Specifically, AWG did not come forward with evidence of a contract with a third party that obligates it to perform work for a third party, two of the essential elements of its statutory employer defense that would entitle AWG to a directed verdict if the evidence went uncontroverted at trial. Thus, the Court will not grant judgment as a matter of law. Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion for Partial Summary Judgment* **(Rec. Doc. 39)** filed by Associated Wholesale Grocers, Inc. is **DENIED.**

New Orleans, Louisiana, this 24th day of July, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

8